**UNITED STATES ATTORNEYS OFFICE**
PAUL J. FISHMAN
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102-2535
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| *In re*<br><br>TOMAS CRUZ, JR. and DANIA MARIA CRUZ,<br><br>Debtors. | Chapter 13<br><br>Case No. 16-30154-CMG<br><br>Judge: Christine M. Gravelle<br><br>Hearing Date: March 1, 2017<br>Hearing Time: 10:00 a.m. |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**OF DEBTORS' CHAPTER 13 PLAN**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the

"Service"), submits the following objection to confirmation of the above-captioned debtors'

Chapter 13 Plan (the "Plan") [ECF Doc No. 2].  In support thereof, the Service respectfully

represents as follows:

**RELEVANT BACKGROUND**

1.      Tomas and Dania Cruz (the "Debtors") filed a voluntary joint petition under

chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on October 21, 2016

(the "Petition Date") [ECF Doc. No. 1].

2.       The Debtors have unpaid federal income tax liabilities for numerous tax years.

Prior to the Petition Date, the Service filed a Notice of Federal Tax Lien (the "Tax Lien") against

the Debtors in the Office of the Clerk of Middlesex County, New Jersey.  Pursuant to 26 U.S.C.

§ 6321, the Tax Liens encumber all of the Debtors' "property and rights to property, whether real

or personal."

3.       The Service filed a proof of claim against the Debtors setting forth total claims of

$131,997.94 (the "Service Claim"), comprised of (i) a secured claim pursuant to 11 U.S.C. §

506(a) in the amount of $54,945.97, which amount is secured by the Tax Lien; (ii) an unsecured

priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $67,375.13 (the "Priority

Claim"); and (iii) an unsecured non-priority claim of $9,676.84.  *See* Claim No. 1-2.

4.       For the reasons described below, the Plan is not confirmable.

**OBJECTION**

**A.  The Plan is Not Confirmable with Respect to the Service's Secured Claim**

5.       With respect to the Secured Claim. the Plan fails to comply with the provisions of

Bankruptcy Code section 1325(a)(5), which requires, *inter alia*, that a Chapter 13 Plan provide

for the retention of the secured creditor's liens and full payment, plus interest.  Contrary to

section 1325(a)(5)'s requirements, the Plan provides for no payment of the Secured Claim.  *See*

Plan at 2-5.

6.       Pursuant to Bankruptcy Code section 506(a), the Secured Claim must be

calculated based on the value of the Service's interest in estate property.  11 U.S.C. § 506(a).  As

noted above, the Secured Claim is secured by all of the Debtors' real ***and personal property***.  26

U.S.C. § 6321; *see also id.* § 6323 (setting forth entities against which tax lien is not valid or

2

senior in priority).  According to the Debtors' own schedules, they have equity in ***personal***

***property*** to which the Tax Lien attaches.  *See* Debtor's Schedule A/B, Property [ECF Doc. No.

1] at 10-16.  The Plan's failure to pay the Secured Claim to the full extent of the Debtors' equity

in that property renders the Plan unconfirmable under section 1325(a)(5).

7.      It bears noting that property claimed as exempt by the Debtors under Bankruptcy

Code section 522 does not impact the allowed amount of the Secured Claim.  11 U.S.C.

§ 522(c)(2)(B) (mandating that "property exempted under this section is not liable during or after

the case for any debt of the debtor . . . *except . . . a debt secured by a lien that is . . . a tax lien,*

*notice of which was properly filed.*" (emphasis added)); *Paratore v. IRS (In re Paratore)*, 1995

Bankr. LEXIS 508, at *9 (Bankr. D.N.J. 1995) ("It is clear from § 522(c)(2)(B), that Congress

did not intend that any bankruptcy debtor could exempt any property from a perfected tax lien.");

*see also Downey v. Georgia (In re Downey)*, 2006 Bankr. LEXIS 2737, at *4 (Bankr. N.D. Ga.

Sept. 27, 2006) ("The Debtors' estate has an interest in the motor vehicles and personal property,

and the Debtor cannot exempt those assets from a tax lien, notice of which is properly filed . . . If

the tax lien was properly filed, then, the State has a secured claim to the extent of the value of the

Debtors' assets . . . The Debtors' chapter 13 plan must provide for payment of the value of this

claim or surrender the assets to the State." (internal quotation marks omitted)).

8.      In addition to the foregoing, the Plan is also not confirmable with respect to the

Secured Claim for the following reasons:

  a.  It fails to provide that the Service will retain its liens against the property of the

      Debtors.  11 U.S.C. § 1325(a)(5)(B)(i)(I).

b.  It fails to provide for an adequate rate of interest on the Secured Claim. *Id.*

§ 1325(a)(5)(B)(ii); *In re Princeton Office Park, L.P.*, 423 B.R. 795, 806 (Bankr.

D.N.J. 2010) (recognizing that section 1325(a)(5)(B)(ii) requires payment of an

appropriate rate of interest on secured claims).  The Service submits that the

interest rate established by 26 U.S.C. § 6621 and the regulations thereunder (4%),

should be applied to deferred payments of federal taxes.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny

confirmation of the Plan until such time as the above-referenced defects in the Plan are cured;

and (ii) grant any other and further relief that the Court deems just and proper.


Dated: February 21, 2017

PAUL J. FISHMAN
United States Attorney

*/s/ Eamonn O'Hagan*
EAMONN O'HAGAN
Assistant U.S. Attorney

*Attorneys for the United States of America*